## Elizabeth Hand, Executrix of Alexander Hand, deceased, v. North West, Appellant.

*Evidence to impeach consideration for a bond.*

In a suit to recover balance due on a bond given for goods sold and delivered at a fixed price, after several payments on an extension of said bond, evidence was properly rejected which purported to show that the goods sold were not worth the price for which the bond was given.

Argued April 28, 1897.   Appeal, No. 147, April T., 1897, by defendant, from judgment of C. P. No. 3, Allegheny Co., August Term, 1895, No. 631, on verdict for plaintiff.   Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ.   Affirmed.

Assumpsit for goods sold.   Before PORTER, J.

The facts sufficiently appear in the opinion of the court.

Verdict and judgment for plaintiff for $691.55.   Defendant appealed.

*Error assigned* was in sustaining plaintiff's objection to the deposition of Charles E. Lockwood relative to the value of the stock of goods purchased from the plaintiff. Charles E. Lockwood, a witness for the defendant, was interrogated as follows: " Q. The bond in this case was for $2,414.71, which appears to be the amount in aggregate of the stock as set forth on the statement given to you by Mr. Hand which you have produced here. As a matter of fact, was that the actual value of that stock? "

Objected to as immaterial and incompetent.

By the Court: The objection is sustained. We cannot make a new bargain for the parties. If you show in any manner that it was short in quantity, the measure of damages would be the amount which the shortage would represent at the price agreed upon by the parties. If the deficiency was in quality, then the measure of damages would be the difference in value between the quality actually delivered and the quality warranted. But we cannot permit a witness to say that the goods were only worth so much, for that may involve their having made an unwise bargain.

" A. At a liberal estimate on my part $1,585.21."

To which ruling of the court counsel for defendant requests an exception. Exception allowed and bill sealed.

*Jno. F. Cox*, for appellant.

*W. S. Dalzell*, of *Dalzell, Scott & Gordon*, for appellee.

OPINION BY ORLADY, J., July 23, 1897:

Charles E. Lockwood, of the city of New York, acting for his brother, E. L. Lockwood, purchased from Allen H. Hand, the contents of a paper mill, located at Putnam, in the state of New York, under an agreement in writing, as follows: " The said Elizabeth T. Hand, as executrix, hereby agrees to sell and transfer to the said Eugene L. Lockwood, all the materials and stock for the manufacture of paper on hand at said mill at the cost price thereof,—that is at the invoice price,—without including the cost of freight or charges subsequent to the shipment by the senders thereof. The said goods are to be examined, and the total price ascertained, and for such total price

the said Eugene L. Lockwood, as principal, and North West of Pittsburg, Pa., as surety shall execute and deliver to the said Elizabeth T. Hand, their joint and several bond, for the payment of the said amount four months from the date of this contract. The said materials and stock shall be kept insured by the said Eugene L. Lockwood; loss, if any, to be payable to the said Hand, as interest may appear, until the entire amount due under said bond shall have been paid." Prior to the execution of this paper, the parties had examined the stock and invoiced the goods, fixing the aggregate of value at $2,414.71. A bond, in the penal sum of $4,000, was executed August 22, 1893, having this condition: "The condition of the above obligation is such that if the above bounden Eugene L. Lockwood, his heirs, executors or administrators shall well and truly pay, or cause to be paid unto the above named Elizabeth T. Hand, her successors or assigns, the just and full sum of $2,414.71, on December 17, 1893, said amount being the agreed price for certain merchandise, consisting of materials and stock for the manufacture of paper, at the Putnam Paper Mill, Putnam Valley, New York, sold by the said Hand to the said Lockwood, without any fraud or further delay, then the above obligation to be void; otherwise to remain in full force and effect."

On December 15, 1893, $1,000 was paid, and an agreement executed, providing that "the balance due upon said bond shall be paid upon February 17, 1894, and that the liability upon said bond shall remain in all respects unchanged except in respect to the extension of time of payment of said balance," which agreement was signed by the defendant. By a similar agreement dated February 15, 1894, the time of payment was again extended to May 17, 1894. On October 16, 1894, a similar agreement, recited the former one, and added that the payment of the further sum of $800 upon account of the balance of said bond had been made, and furthermore that, "the said Hand hereby agrees to extend the time for the payment of the balance of principal and interest due upon said bond to December 20, 1894, and the said Lockwood and West, and each of them, hereby consent to the extension of time of payment, and hereby agree that the balance due upon said bond, principal and interest, shall be paid upon December 20, 1894, and that their liability upon said bond shall remain in all respects un-

442 HAND v. WEST.

changed, except in respect to the extension of the time of payment of said balance, principal and interest, as herein before provided;" which was signed by all parties to the contract.

Lockwood being insolvent, suit was brought against North West to recover the balance and a verdict of $691.55 was recovered. The only assignment of error relates to the excluding part of the testimony of Charles E. Lockwood, contained in a deposition taken under a rule, and offered in evidence as follows :

" Q. The bond in this case was for $2,414.71, which appears to be the amount in the aggregate of the stock as set forth on the statement given to you by Mr. Hand, which you have produced here. As a matter of fact what was the actual value of the stock?" This was objected to as immaterial and incompetent, and was sustained by the court. The answer to the interrogatory was : " At a liberal estimate on my part $1,585.21."

The witness had previously stated that he went through the mill with Mr. Hand, had made a list, had the goods pointed out to him, had examined some manufactured paper, and had signed the bond, in which he agreed to pay $2,414.71, "said amount being the agreed price for certain merchandise," and that after the date of the execution of the bond, to October, 1894, he had three times requested the extensions of time of payment, and had voluntarily paid $1,800 on account of the agreed invoice price ; $215 in excess of the amount he now attempted to fix as the value of the property, without offering to show that there had been any fraud, accident or mistake practiced or attempted in determining the amount named as the " correct price." Thus it appears that as long as the plaintiff agreed to receive payments on account, and to extend the time of payment of the agreed-upon balance, the original price to be paid was accepted by the defendant as undisputed, and he acted on the good faith of the transaction by paying twice on the basis of the first estimate of the value. He cannot at this late day under these facts cancel all of his promises and fix another and less amount, without adducing other evidence than his change of mind as to the values, fixed at the time the written contract was made.

The testimony was properly excluded. The assignment of error is overruled. The judgment is affirmed.